■ COUNTY OF ERIE, Respondent, v. BUFFALO BILLS DIVISION OF HIGHWOOD SERVICES, INC., Appellant, and RICH PRODUCTS CORPORATION, Respondent.— Order and judgment unanimously modified in accordance with Memorandum and, as modified, affirmed, without costs. Memorandum: The respondent County of Erie commenced this action for a declaratory judgment to determine the rights of the parties under the terms of a lease between it and appellant and to permanently enjoin appellant from interfering with the county's right to name the new stadium which is the subject of the lease. The stadium is leased exclusively to appellant Buffalo Bills Division of Highwood Services, Inc. Under article IV of the lease the county retained " the right to name or otherwise designate the stadium subject to lessee's approval which shall not be unreasonably withheld ". All revenues resulting from the exercise of this right were reserved to the county. Respondent Rich Products Corporation, engaged in the business of manufacturing, processing and selling food products, bid $1.5 million to be paid to the county over a 25-year period for the privilege of having the structure named and designated Rich Stadium. The county accepted the bid and respondents undertook to erect letters spelling out " Rich Stadium " on the facade of the stadium on two sides. The letters were 16 inches high and each sign extended 22 feet in length. In addition the respondents attempted to erect one free-standing sign or billboard in the parking lot with the same name appearing on it. The appellant refused to approve the signs and symbolically restrained their erection, claiming that the respondents were interfering with its free use and quiet enjoyment of the leased premises. Appellant also alleges that the county has infringed upon its advertising rights under article XIII which reserved the right to it as lessee to place advertising on the facade of the stadium, among other places, and retain all revenue derived therefrom and article VI which provided

that "revenues from \* \* \* outside and inside billboard advertising and any other advertising revenue shall be retained by the lessee." Appellant moved to dismiss the complaint under CPLR 3211 (subd. [a]). The Trial Judge considered the application as a motion for summary judgment under CPLR 3211 (subd. [c]) and he ruled that the county had reserved the right to name the stadium and affix appropriate signs on the premises, as the county proposed, in accordance with the terms of the agreement. The sole issue is the construction of the terms of the lease. Leases, as all contracts, are to be interpreted in light of the purposes sought to be attained by the parties (*Farrell Lines* v. *City of New York*, 30 N Y 2d 76, 82). The terms are to be given a fair and reasonable interpretation and where the intention and purposes of the parties may be gathered from the four corners of the instrument, interpretation of the contract is a question of law for the court (*General Phoenix Corp.* v. *Cabot*, 300 N. Y. 87, 92; *Bethlehem Steel Co.* v. *Turner Constr. Co.*, 2 N Y 2d 456; *Wendel Foundation* v. *Moredall Realty Corp.*, 282 N. Y. 239). The language of article IV of the lease gave the county the right to name the stadium and retain the revenues derived from the sale of such right in express terms and the erection of the proposed lettering at two places on the facade of the stadium was a reasonable exercise of that right. The trial court's determination that respondents be permitted to erect a billboard in the parking lot, however, was in direct contravention of the language contained in article VI of the lease reserving "revenue from \* \* \* outside \* \* \* billboard advertising" to the lessee, and we conclude that such billboard therefore should not be permitted. The order and judgment should be modified by deleting those portions in the first ordering paragraph of the order and the first decretal paragraph of the judgment which authorize or permit erection by respondents of one free-standing sign. (Appeal from part of order and judgment of Erie Supreme Court declaring rights as to signs in stadium.) Present — Goldman, P. J., Witmer, Cardamone, Simons and Henry, JJ.