■ LEONARD PARK OFFICE PLAZA, Appellant, v. P & P SHEET METAL WORKS, INC., et al., Respondents.— In this action to recover damages resultant from the installation by defendant P & P Sheet Metal Works, Inc., and the manufacture by defendant International Telephone and Telegraph Corporation (ITT), of an air conditioning and heating system for plaintiff's building, plaintiff, as limited by its brief, appeals from so much of an order of the Supreme Court, Westchester County, dated March 6, 1974, as granted defendants' motions for summary judgment dismissing the complaint and denied plaintiff's cross motion to add as additional parties plaintiff L. M. C. Realty Corporation (LMC) and Parm Realty Ltd., corporations controlled by plaintiff. Order affirmed insofar as appealed from, with a separate bill of $20 costs and disbursements to each defendant. We agree with Mr. Justice Marbach at Special Term that plaintiff is estopped from proceeding with this action, because, in a prior action between plaintiff's nominee LMC and defendants, involving the foreclosure of ITT's mechanic's lien on plaintiff's building (the building was held in the name of LMC), the claims alleged in plaintiff's complaint were adjudicated adversely to plaintiff. In addition to the authorities referred to by Mr. Justice Marbach, as supportive of his determination, we refer to *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304, 306, 307) and *S. T. Grand, Inc.* v. *City of New York* (32 N Y 2d 300, 304). In those determinations, the Court of Appeals expounded the policy of this State that, where an issue was litigated or might appropriately have been litigated in a prior action, the determination in the prior action bars relitigating the issue in a subsequent action. We note plaintiff's stress here on some language contained in ITT's notice of lien, dated January 5, 1971, to the effect that on that date it (ITT) was still testing and checking the equipment it had manufactured; and also note plaintiff's argument that that language precludes a holding that the judgment which ITT recovered in the lien foreclosure action might be deemed an adjudication that ITT fully had performed its contract for which the lien foreclosure judgment was recovered. We disagree with plaintiff's conclusion. The complaint in the foreclosure action, served in January, 1972, alleged *inter alia* that ITT had fully performed its contractual obligations and that ITT had completed its last service thereunder (testing of the equipment on March 3, 1971) within a reasonable time after the notice of lien was prepared. Since plaintiff, through its nominee LMC, admitted those allegations in the lien foreclosure complaint (by failing to deny them) and failed to assert any claim concerning alleged defective manufacture or installation of any of the equipment, the judgment

in that action bars plaintiff from seeking to litigate that claim in this action. Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.