■ In the Matter of EMMANUEL S. TIPON, Appellant, v APPEALS BOARD OF THE ADMINISTRATIVE ADJUDICATION BUREAU, STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES, et al., Respondents.—Determinations unanimously confirmed, without costs, in accordance with the following memorandum: Petitioner seeks review of administrative determinations that he is guilty of speeding in the City of Rochester, for which he was fined $25, under subdivision (d) of section 1180 of the Vehicle and Traffic Law. Insofar as the petition in this article 78 proceeding seeks review of respondents' determinations based upon the administrative hearing, Special Term erred in dismissing it rather than transferring it to this court (CPLR 7803, subd 4; and 7804, subd [g]), despite the failure of counsel to make such request; and we treat this appeal as a transfer of the petition to us for such review (Matter of Intino v Hostetter, 29 AD2d 625; CPLR 7804, subd [g]; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.09; cf. Matter of 125 Bar Corp. v State Liq. Auth., 24 NY2d 174, 180). The record shows that petitioner failed to present at the hearing or to Special Term many of the matters which he urges on this appeal. Such failure constituted a waiver, and petitioner may not raise those matters here. The hearing minutes show substantial questions of fact, and in such circumstances this court may not substitute its view for that of respondents. Failure of respondent appeals board to render its decision within 60 days as provided in the regulation (15 NYCRR 125.5) did not deprive respondents of jurisdiction. Such a provision is directory, not mandatory (see Matter of Moskal v State of New York Executive Dept., Div. of Human Rights, 36 AD2d 46, 49). The determinations are confirmed for the reasons expressed by the appeals board in its determination letter to petitioner dated January 8, 1975. The determinations by Special Term of the questions of law are affirmed for the reasons expressed in that opinion. (See, also, Matter of Rosenthal v Hartnett, 36 NY2d 269, and Matter of Johnston v Jenczka, 46 AD2d 1015, app dsmd 36 NY2d 807.) (Appeal from judgment of Monroe Supreme Court—article 78.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.