■    COUNTY OF ERIE, Plaintiff, v BUFFALO BILLS DIVISION OF HIGHWOOD SERVICE, INC., et al., Appellants, and RICH PRODUCTS CORPORATION, Respondent.—Order unanimously affirmed, with costs. Memorandum: Defendants-

appellants appeal from an order which denied their motion to dismiss a cross claim asserted by Rich Products Corporation on the ground that it is barred by *res judicata* or collateral estoppel. In the cross claim, Rich seeks damages for defendants-appellants' interference with its contract rights to name the stadium used by the Buffalo Bills football team Rich Stadium. Other causes of action allege a conspiracy by defendants-appellants to disparage Rich's name and business reputation and to encourage public use of a name other than Rich's for the stadium. By a prior decision we determined that Rich was entitled to erect two signs on the facade of the stadium identifying it by the Rich name pursuant to its contract with the stadium owner, Erie County. We affirmed an order of Special Term which granted that relief and denied the county a permanent injunction against defendants. We modified Special Term's order only insofar as it permitted Rich one additional billboard type sign on the premises *(County of Erie v Buffalo Bills Div. of Highwood Serv.,* 42 AD2d 922). On the same day that Special Term rendered its decision in that matter, Rich served its answer and cross claim setting forth the causes of action in dispute here. Defendants-appellants contend that Special Term's decision bars these cross claims. The argument is clouded by the fact that in denying the requested injunction, Special Term's decision stated that the Buffalo Bills' alleged wrongful acts were "apprehended only". Therefore, appellants claim that the court determined that they did not "unreasonably withhold" their consent to the signing of the stadium as prohibited by their contract with Erie County and that Rich is barred by that determination from pursuing its cross claim. It is important to separate Special Term's order denying injunctive relief from its declaratory judgment on the terms of the contract between the Buffalo Bills and Erie County. The declaratory judgment, as modified by this court (42 AD2d 922, *supra),* decided that: (a) the county had a right to authorize that two lettered signs be affixed to the outside walls of the stadium designating the facility "Rich Stadium"; (b) the Bills unreasonably withheld approval of the name "Rich Stadium"; and (c) that the installation of the signs would not interfere with the Bills' rights under the lease between it and the county. The actions "apprehended only" were the actions of the Bills interfering with the use of the name of the stadium and the future placement of signs by the county. The court did not decide, as defendants-appellants contend, that the Bills did not unreasonably withhold consent to the name of the stadium or that it acted "fairly and reasonably" with "privilege" to "protect an existing economic or leasehold interest" founded in its contract. Our prior decision did not establish any right of the appellants except the right to object to the erection of the parking lot billboard. Furthermore, there was no identity of issues in the prior litigation involving the contract between the county and the Buffalo Bills because Special Term was not called upon to decide in the prior litigation whether defendant-appellant Buffalo Bills and defendant-appellant Wilson conspired to interfere with Rich's contract with the county and if so, the damages sustained by reason of their actions. (Appeal from order of Erie Supreme Court—dismiss cross claim.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.