■ ALFRED A. ROSENBERG, as Assignee of DEPENDABLE INDUSTRIES CORP., for the Benefit of Creditors, Respondent, v DEL-MAR DIVISION, CHAMPION INTERNATIONAL CORPORATION, Appellant.—In an action to recover damages for (1) breach of contract and (2) interference with prospective business advantage, the parties cross-appeal from an order of the Supreme Court, Kings County, entered May 11, 1976, which (1) granted the branch of defendant's motion which sought summary judgment with respect to the second cause of action and (2) denied the branch of its motion which sought summary judgment with respect to the first cause of action. Order modified, on the law, by (1) deleting the second decretal paragraph thereof and substituting therefor a provision granting the branch of the motion which sought summary judgment with respect to the first cause of action and (2) deleting from the first decretal paragraph thereof the provision for a severance. As so modified, order affirmed, with $50 costs and disbursements to defendant. With regard to the contract claim, summary judgment was improperly denied. A motion for summary judgment cannot be defeated by mere conclusory statements which are devoid of evidentiary facts showing a bona fide issue requiring a trial. While plaintiff asserts the existence of a valid claim for breach of contract due to untimely delivery of goods ordered, it has not alleged evidentiary facts showing that any of the goods delivered by defendant were delivered late (see *GTE Sylvania v Jupiter Supply Co.,* 51

AD2d 993). Moreover, the contract claim is barred by reason of *res judicata.* In a prior action between defendant and plaintiff's assignor, on the same contract, a judgment was obtained by the defendant herein for goods sold and delivered. It was essential in the prior action to find that no defense existed to the claim for payment. Since the prior action, of necessity, determined that no defense existed to the claim for payment, plaintiff cannot now raise, as an issue, untimely delivery as a breach of the contract. The prior decision stands as *res judicata* of those issues it had determined (see *Leonard Park Office Plaza v P & P Sheet Metal Works,* 46 AD2d 652). As Chief Judge Cardozo stated in *Schuylkill Fuel Corp. v Nieberg Realty Corp.* (250 NY 304, 306–307): "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first". With regard to the tort claim, summary judgment was properly granted. "As a general rule, interference with the business relations of another is not actionable unless unlawful means are used or the actor's sole motive is to injure the plaintiff" (32 NY Jur, Interference, § 42). Plaintiff failed to adequately demonstrate the existence of either requirement as a bona fide factual question. Plaintiff's failure to submit evidentiary facts in support of its claim compels the granting of summary judgment. Mere general averments will not suffice; an evidentiary showing is indispensable in opposing a motion for summary judgment (see *Mortgage Corp. of Amer. v Stagg Holding Corp.,* 45 AD2d 770; *Badische Bank v Ronel Systems,* 36 AD2d 763; *Famous Beers v Piel Bros.,* 60 NYS2d 884). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.