**UNITED FEDERATION OF TEACHERS WELFARE FUND, Plaintiff,**

v.

**Werner KRAMARSKY, as Commissioner of the New York State Division of Human Rights, Defendant.**

**No. 77 Civ. 1979(MP).**

United States District Court, S. D. New York.

May 25, 1978.

---

Mirkin, Barre, Saltzstein & Gordon, Great Neck, N. Y., for plaintiff by Stephen F. Gordon, Robert M. Ziskin and Jeffrey L. Kreisberg, Great Neck.

Ann Thacher Anderson, Gen. Counsel, State Division of Human Rights, New York City, for defendant.

## OPINION

POLLACK, District Judge.

Plaintiff has moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, alleging that undisputed facts are dispositive of this suit.

The plaintiff, United Federation of Teachers Welfare Fund (hereafter Fund) sues defendant Werner Kramarsky in his capacity as the Commissioner of the New York Human Rights Division (hereafter Division) for declaratory and injunctive relief to prevent Kramarsky from compelling the Fund to provide New York City school personnel with disability benefits related to pregnancies. The plaintiff relies on the Employee Retirement Income Security Act and the supremacy and equal protection clauses of the federal constitution.

The undisputed facts are sufficient for a termination of this case in this Court. Rather than sustaining plaintiff's position, however, those facts call for dismissal of the complaint, without the prerequisite of a formal motion by the defendant, *see Lowenschuss v. Kane,* 520 F.2d 255, 261 (2d Cir. 1975) (dictum); *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co., Inc.,* 378 F.Supp. 485, 490–91 (S.D.N.Y.), *aff'd,* 509 F.2d 64 (2d Cir. 1974), on grounds of federal court abstention.

The Fund is an employee benefit plan instituted in 1965 in accordance with a collective bargaining agreement between the United Federation of Teachers and the Board of Education of the City of New York. It reimburses covered school personnel for certain medical expenses, and also provides weekly cash payments for up to twenty-eight weeks in the event of incapacitating accident or disability. Its definition of covered employees, however, excludes women on maternity leave, and the Fund does not provide disability benefits for disabilities due to pregnancy, childbirth, miscarriage or abortion.

The Supreme Court has held that neither the fourteenth amendment, *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), nor Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq., General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), requires employee benefit plans to provide benefits in connection with pregnancy related disabilities. Accordingly, the United States Court of Appeals has rejected challenges, under both the fourteenth amendment and Title VII, to the Fund's failure to pay such benefits. *Women in City Government United v. City of New York,* 563 F.2d 537 (2d Cir. 1977). The New York Court of Appeals, however, has held that the failure to provide such benefits violates the New York Human Rights Law, which prohibits, *inter alia,* discrimination on the basis of sex in connection with employment, Executive Law § 296. *Brooklyn Union Gas Co. v. New York State Human Rights Appeal Board,* 41 N.Y.2d 84, 390 N.Y.S.2d 884, 359 N.E.2d 393 (1976).

The Division shares responsibility for enforcing the New York Human Rights Law. A party claiming to be aggrieved by unlawful discrimination, or any of several state agencies including the Division itself, may file a complaint with the Division. The Division then must promptly make an investigation.

Unless the complaint is dismissed for lack of jurisdiction or probable cause, or the dispute is resolved through conciliation, a hearing is conducted. The respondent may participate with counsel. Division attor-

neys normally present the case in support of the complaint, although the complainant also is entitled to be represented by his own attorney. Both sides may present testimony and cross-examine, and a record is made. If the Commissioner determines on the basis of the record that respondent unlawfully discriminated against the complainant, he issues a cease and desist order, which may contain provisions for affirmative relief including damages. Executive Law § 297.

The Commissioner's orders are subject to review by the State Human Rights Appeal Board, with respect to whether they conform with the constitutions and laws of the United States and New York, are supported by substantial evidence, or constitute an abuse of discretion. Executive Law § 297-a. Judicial review of the Board's decision is available in the Appellate Division of the New York Supreme Court, pursuant to either Executive Law section 298 or article 78 of the Civil Practice Law and Rules, and the Division may petition the Appellate Division for enforcement of decisions of the Board and unappealed decisions of the Commissioner. Executive Law § 298. Further review may be available in the New York Court of Appeals. CPLR art. 56, Executive Law § 298.

When the Fund commenced this suit, there were pending at least forty complaints against the Fund, filed with the Division by parties alleging that they had been discriminated against in that they were denied benefits in connection with pregnancies. In several cases, the Division had determined that the Fund's failure to provide pregnancy-related benefits violated the Human Rights Law. In one instance, involving the complaint of Geraldine Leigh, all opportunities for state court review had been exhausted, resulting in affirmance of the Commissioner's order. *United Federation of Teachers Welfare Fund v. State Human Rights Appeal Board*, 53 A.D.2d 808, 385 N.Y.S.2d 693 (1976) (mem.), *motion for leave to appeal denied*, 40 N.Y.2d 809, 392 N.Y.S.2d 1026, 360 N.E.2d 1109 (1977). In addition, the Appellate Division had sustained the Division in a second instance, involving the complaint of Phyllis Goodkin, *United Federation of Teachers Welfare*

*Fund v. State Human Rights Appeal Board*, App.Div., 398 N.Y.S.2d 775 (1977) (mem.), and the Court of Appeals denied leave to appeal from the decision on May 23, 1978, subsequent to the filing of the complaint herein, N.Y.L.J., March 27, 1978, at 5, col. 2. Finally, by a letter dated April 19, 1978 the Fund advised the Court that another proceeding for review of an order of the Division, arising from the Fund's failure to provide pregnancy-related benefits, is pending in the Appellate Division, and that the Division has cross-moved for enforcement of its order.

The Fund contends, first, that the Division's enforcement of the Human Rights Law as against it violates section 514 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144, which states that certain ERISA provisions "shall supersede any and all State laws insofar as they . . . relate" to covered employee benefit plans. Second, the Fund asserts that the Division's application of the Human Rights Law is barred by the supremacy clause and federal court decisions holding that neither the fourteenth amendment nor Title VII of the Civil Rights Act of 1964 require employee benefit plans to provide benefits in connection with pregnancies. Third, the Fund contends that as applied to it by the Division, the Human Rights Law violates the equal protection clause of the fourteenth amendment. Defendant denies all of these assertions, and in addition argues that this suit is barred by res judicata and collateral estoppel effects of the *Leigh* and *Goodkin* litigations.

This suit is not barred by res judicata. In general, this Court is required to give the same effect to the judgment of a state court as would a court of the same state, 28 U.S.C. § 1738, with exceptions which prove immaterial to this case, *see, e. g., Newman v. Board of Education*, 508 F.2d 277, 278 (2d Cir.), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1447, 43 L.Ed.2d 762 (1975); *Lombard v. Board of Education*, 502 F.2d 631, 635–37 (2d Cir. 1974), *cert. denied*, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975). Under New York law, res judicata applies only if the same cause of action is asserted in the present as in the former

litigation. *See Schwartz v. Putnam C. C. Inc.,* 57 A.D.2d 614, 394 N.Y.S.2d 27 (1977); *County of Erie v. Buffalo Bills,* 54 A.D.2d 1121, 388 N.Y.S.2d 793 (1976) (*semble*).

The cause of action presented by this litigation is not the same as the causes of action raised in the *Leigh* and *Goodkin* cases. The requisite identity exists only if "a different judgment in the second [action] would destroy or impair rights or interests established by the first." *Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.,* 250 N.Y. 304, 306–07, 165 N.E. 456, 457 (1929); *Rosenberg v. Del-Mar Division,* 56 A.D.2d 576, 577, 391 N.Y.S.2d 452, 453 (1977). The decree sought herein would have only prospective application. The previously adjudicated claims for benefits by two specific individuals, on account of two specific instances of incapacitation, would not be affected.

Defendant is entitled to the benefit of collateral estoppel, but only with respect to plaintiff's contention respecting the preemptive effect of ERISA. The application of collateral estoppel requires only that the same issue was necessarily decided in a previous litigation, and that the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior case. *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 71, 298 N.Y. S.2d 955, 960, 246 N.E.2d 725, 729 (1969). In contrast with res judicata, it is not necessary that the present and former actions involve the same cause of action. *Sandra I. v. Harold I.,* 54 A.D.2d 1040, 1041, 388 N.Y. S.2d 376, 377 (1976). Nor need the party asserting the estoppel have participated in the previous case. *Schwartz, supra,* 24 N.Y.2d at 70, 298 N.Y.S.2d at 958–59, 246 N.E.2d at 728; *860 Executive Towers, Inc. v. Board of Assessors,* 53 A.D.2d 463, 475, 385 N.Y.S.2d 604, 612 (1976).

The Court has not been fully apprised of the issues raised before the Division in *Leigh* and *Goodkin,* and the memoranda decisions of the reviewing courts give no indication of what questions they decided. The parties have submitted a stipulation establishing that many of the issues raised here were briefed in the prior proceedings before the Appellate Division and the Court of Appeals, and in particular that the Fund argued the preemptive affect of ERISA before both courts in both cases. The parties seemingly have overlooked the fact, however, that the reviewing courts generally are not required to consider matters which were not raised in the administrative proceedings, whether review is pursuant to section 298 of the Executive Law, which expressly so provides, or article 78 of the Civil Practice Law and Rules, *Tipon v. Appeals Board,* 52 A.D.2d 1065, 1065, 384 N.Y.S.2d 324, 325, *motion for leave to appeal denied,* 40 N.Y.2d 806, 390 N.Y.S.2d 1025, 359 N.E.2d 438 (1976); *Lewis v. Village Board of Trustees,* 48 A.D.2d 952, 954, 368 N.Y.S.2d 883, 886 (1975) (alternate ground). Accordingly, only those issues raised in the administrative proceedings were necessarily decided in the prior actions, and with one exception the record now before the Court does not reveal what issues were so raised. The one exception is that the Appeal Board's opinion in *Goodkin* addresses and rejects the Fund's contention that section 296 of the Human Rights Law, as applied to it, is preempted by section 514 of ERISA, 29 U.S.C. § 1144. Thus, plaintiff's contention respecting ERISA, and only that contention, was necessarily decided in the prior litigation.

Plaintiff denies that it had a full and fair opportunity to litigate any of the issues raised herein in the state proceedings, on the ground that the provisions for judicial review afforded only "a most limited review based upon the sufficiency of the evidence compiled in the administrative proceedings," Plaintiff's Reply Brief in Support of Motion for Summary Judgment 4. Lack of a de novo evidentiary hearing, however, would not limit the reviewing courts' consideration of the primarily legal issues raised here. Further, plaintiff does not contend that it was restricted in making a record before the Division. Accordingly, the Fund's contentions regarding ERISA are barred by collateral estoppel. *See Mitchell v. National Broadcasting Co.,* 553 F.2d 265 (2d Cir. 1977).

Notwithstanding that some of the Fund's claims survive the bar of res judica-

ta and collateral estoppel, the complaint must be dismissed on account of the pendency, from the time this suit was commenced to the present, of state court proceedings for review of the Division's orders against the Fund. Since the Supreme Court's decisions "repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," *Younger v. Harris,* 401 U.S. 37, 45, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971), at oral argument the Court raised the question of *Younger* abstention *sua sponte, see Sosna v. Iowa,* 415 U.S. 911, 94 S.Ct. 1405, 39 L.Ed.2d 465 (1974) (noting probable jurisdiction); *McCune v. Frank,* 521 F.2d 1152, 1157 n. 15 (2d Cir. 1975). The Court since has had the benefit of a full exchange of briefs addressed to this issue.

■ The Supreme Court has held that federal courts may not grant equitable relief on the basis of grounds which could be asserted in a pending state civil proceeding if (1) a state agency is a party in that proceeding and (2) the proceeding involves enforcement of an important state policy. *See Trainor v. Hernandez,* 431 U.S. 434, 444, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *cf. Juidice v. Vail,* 430 U.S. 327, 335–36, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (civil contempt proceeding). Abstention is mandated from the time the state action is commenced until the federal plaintiff has exhausted all state appellate remedies. *Huffman, supra,* 420 U.S. at 607–09, 95 S.Ct. 1200. Once the state proceeding has commenced, *see Steffel v. Thompson,* 415 U.S. 452, 460–75, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), the *Younger* doctrine bars declaratory as well as injunctive relief, *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

In the instant case, a state agency is a party to the state court review proceedings. Insofar as the agency is vindicating the claims of a private party, the situation closely resembles *Juidice v. Vail,* 430 U.S. 327, 328–30, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), in which the Supreme Court struck down federal court interference with a state civil contempt proceeding in aid of the enforcement of a private party's money judgment.

Further, New York would seem to attach as much importance to its policy, expressed in the Human Rights Law, against discrimination on the basis of age, race, creed, color, national origin or sex, Executive Law § 296, as Ohio attaches to its policy against obscenity, which was held subject to the protection of *Younger* abstention in *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). The Supreme Court has indicated that the availability of criminal sanctions to implement a state policy manifests that the state attaches the requisite degree of importance to it. *See Trainor v. Hernandez,* 431 U.S. 434, 444, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Huffman, supra,* 420 U.S. at 604–05, 95 S.Ct. 1200. Here, violation of the Commissioner's order based upon a finding of unlawful discrimination is a misdemeanor. Executive Law § 299.

■ None of the exceptions to the *Younger* abstention doctrine apply to this suit. Thus, plaintiff does not contend that the Division's enforcement against it of the Human Rights Law is in bad faith or for purposes of harassment, *see Younger v. Harris,* 401 U.S. 37, 54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), or that New York's appellate courts are biased or incompetent tribunals, *see Gibson v. Berryhill,* 411 U.S. 564, 575–79, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). The propriety of abstention is not affected by a party's opinion that its chances for success in the state courts are small. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 610–11, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

■ Abstention is not required if the body before which the state proceeding is pending lacks authority to grant relief on the ground asserted by the federal plaintiff. *Buffalo Teachers Federation, Inc. v. Helsby,* 435 F.Supp. 1098, 1101–03 (S.D.N.Y. 1977). It is immaterial, however, that the Fund now may be precluded from raising certain matters in the state courts because it failed to raise them in the prior proceedings. *Younger* abstention may not be

avoided on account of the plaintiff's own procedural defaults. *See Juidice v. Vail,* 430 U.S. 327, 330, 336–37, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1976); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611 n. 22, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

It proves unnecessary to decide whether abstention also is required by the pendency of administrative proceedings before the Division, *see McCune v. Frank,* 521 F.2d 1152, 1157–58 (2d Cir. 1975); *Anonymous v. Association of the Bar,* 515 F.2d 427, 433–34 (2d Cir. 1975). Defendant shall have summary judgment dismissing this suit, on the ground of *Younger* abstention.

SO ORDERED.