■ LOUIS WILLINGER et al., Appellants, v SALEH O. MUSAIBLI, Respondent. (Action No. 1.) SALEH O. MUSAIBLI, Respondent, v LOUIS WILLINGER et al., Appellants. (Action No. 2.) — In two actions, the first to recover on a mortgage note, and the second to recover damages for fraudulent concealment and breach of warranty, plaintiffs in the first action (who are the defendants in the second action) appeal from an order of the Supreme Court, Westchester County, dated January 9, 1980, which denied their motion for summary judgment in both actions. Order affirmed, with $50 costs and disbursements. No opinion. Hopkins, J. P., Titone and Lazer, JJ., concur.

Cohalan, J., dissents and votes to modify the order by granting summary judgment to the appellants in the first action and granting leave to them to renew their motion for summary judgment in the second action on proper papers with adequate notice to the respondent, with the following memorandum: In seeking to oppose the sellers' (appellants) motion for summary judgment on a mortgage note, the buyer (respondent) has come forward with only conclusory allegations that the sellers fraudulently concealed structural defects from him. No evidentiary facts in support of these assertions have been submitted. In the absence of such factual allegations showing a bona fide issue of fact requiring trial, summary judgment should have been granted in this action (Action No. 1) *(Rosenberg v Del-Mar Div., Champion Int. Corp.,* 56 AD2d 576; *Mallad Constr. Corp. v County Fed. Sav. & Loan*

*Assn.,* 32 NY2d 285). However, the sellers' first request for summary judgment in the second action came in their reply affidavits, the final submissions from either side. This gave their adversary inadequate notice and opportunity to respond. Consequently, summary judgment should not be granted in that action. However, the sellers should be permitted to renew their motion on proper papers and with adequate notice.