**UNITED FEDERATION OF TEACHERS WELFARE FUND, Plaintiff-Appellant,**

v.

**Werner KRAMARSKY, as Commissioner of the New York State Division of Human Rights, Defendant-Appellee.**

**No. 16, Docket 78–7317.**

United States Court of Appeals, Second Circuit.

Argued Sept. 25, 1980.

Decided May 11, 1981.

---

* Honorable Charles H. Tenney, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

Ann Thacher Anderson, Gen. Counsel, State Div. of Human Rights, New York City, for defendant-appellee.

Jeffrey L. Kreisberg, Great Neck, N.Y. (Stephen F. Gordon, Mirkin, Barre, Saltz-stein, Gordon, Hermann & Kreisberg, P. C., Great Neck, N. Y., on the brief), for plaintiff-appellant.

Before MOORE and KEARSE, Circuit Judges, and TENNEY, District Judge.*

KEARSE, Circuit Judge:

Plaintiff is an organization established by collective bargaining between the United Federation of Teachers and the City of New York. It maintains an employee welfare benefit plan that is subject to federal regulation under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (1976). Plaintiff is also subject to New York's Human Rights Law, N.Y.Exec. Law § 296 (McKinney 1972 & Supp.1980–1981) ("HRL"). HRL requires that disability benefit plans such as plaintiff's provide benefits for disabilities related to pregnancy on the same basis as for other disabilities. Plaintiff's plan excludes pregnancy-related disabilities.

Plaintiff commenced the present action in the United States District Court for the Southern District of New York, seeking declaratory and injunctive relief against the enforcement of the HRL on the grounds that the HRL was preempted by ERISA, by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (1976), and by the Equal Protection Clause of the Fourteenth Amendment. The district court, Milton Pollack, Judge, 451 F.Supp. 333, granted the defendant's motion for summary judgment on the grounds that prior judgments in state court collaterally estopped plaintiff from litigating its claim of ERISA preemption, and that the pendency of forty-odd actions in state court against plaintiff for enforcement of the HRL mandated abstention pursuant to *Younger v. Harris,* 401 U.S. 37, 45, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971), as to plaintiff's other claims. We affirm, largely on the basis of our decision

---

* Honorable Charles H. Tenney, Senior Judge of the United States District Court for the South-ern District of New York, sitting by designation.

**1312**

filed today in *Delta Air Lines, Inc. v. Kramarsky,* 650 F.2d 1287 ("*Delta*").[1]

■ Plaintiff's principal contention is that § 514(a) of ERISA, which provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," preempts the HRL and forbids its enforcement with regard to plaintiff's employee benefit plan. As we have discussed at greater length in *Delta,* this contention is made untenable by the Supreme Court's recent action in *Minnesota Mining & Manufacturing Co. v. Minnesota,* 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980), dismissing an appeal based on an identical contention for want of a substantial federal question. For the reasons stated in *Delta,* plaintiff's claim that ERISA preempts the HRL lacks merit.[2]

■ We also reject plaintiff's other federal claims[3] for reasons discussed in *Delta.* The contention that New York's interpretation of the requirements of HRL violated the Supremacy Clause because it differed from the Supreme Court's interpretation of the requirements of Title VII in *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), is plainly without merit. New York may interpret the HRL in any fashion it chooses, consistent with federal law; and, as we held in *Delta,* its present interpretation is not inconsistent with Title VII.

■ Finally, plaintiff's equal protection claim is untenable. Plaintiff contended that the enforcement of the HRL against it lacked any "reasonable basis" in view of the provisions of New York's Disability Benefits Law ("DBL"), N.Y.Work.Comp.Law § 205(3) (McKinney 1965), that formerly relieved private employers of any obligation to provide benefits for pregnancy-related disability.[4] This contention is groundless. New York did not discriminate in its application of the HRL, but enforced it against all employers. And in any event New York's method of harmonizing the HRL with the apparently inconsistent DBL, *see Brooklyn Union Gas Co. v. New York State Human Rights Appeal Board,* 41 N.Y.2d 84, 390 N.Y.S.2d 884, 359 N.E.2d 393 (1976), is perfectly rational and scarcely offends the Constitution.

The judgment is affirmed.

---

1. The district court's decision in the present case was handed down in 1978 and a notice of appeal was timely filed. Thereafter, the parties agreed to withdraw the appeal, without prejudice to its reinstatement, pending the district court's decision in the *Delta* case. The appeal was reinstated after that decision was rendered in January 1980, and was argued in tandem with the appeal in *Delta.*

2. We would affirm the judgment on this point in any event on the basis of the district court's well-reasoned collateral estoppel holding.

3. The Fund also alleged, as a matter of state law, that it was not subject to the jurisdiction of New York's Division of Human Rights and that the Commissioner had exercised his authority in an arbitrary and capricious manner. No independent basis for federal jurisdiction over these claims is asserted in the complaint, and they are dismissable for lack of jurisdiction.

4. As we noted in the *Delta* case, New York has amended the DBL so that it now mandates minimum benefits for pregnancy-related disability.