### KENT v. WILSON et al.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

ACCOUNT STATED (§§ 6, 4*)—WHAT CONSTITUTES.

    The rendition of an account does not make it an account·stated, and the failure to object thereto only raises a presumption, rebuttable by proof of any circumstances tending to a contrary conclusion.

    [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 30–40, 14, 15; Dec. Dig. §§ 6, 4.*]

Appeal from Trial Term, Kings County.

Action by Miriam A. Kent against Leslie B. Wilson and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Harold C. Mitchell, for appellants.

Harry E. Lewis (Charles F. Murphy, on the brief), for respondent.

JENKS, P. J. The plaintiff deposited $1,985.54 with the defendants, who are bankers and brokers, to be accounted for. The defendants heretofore have accounted for $985.54 thereof, and this action is to recover the balance. The deposit represented the proceeds of policies payable to the plaintiff upon the life of plaintiff's former husband, who died in the service of the defendants. There is proof that for a period the defendants sent monthly statements of this account to the plaintiff, which were received without demur, and

the contention of the appellants is that, as thereby "a complete accord and satisfaction was shown," the trial court should have dismissed the plaintiff, or should have directed the verdict against her.

The first statement read in evidence is dated September 30, 1903, and shows credit for the deposit, with interest, and debits of items specified as cash, each of small sums save "September 30, Cash 1,000." The subsequent statements are drawn with respect to the balance shown upon this first statement. Giving due probative force to this evidence as to the account and the plaintiff's conduct with respect to it, the proof was not sufficient to cast liability upon the plaintiff, if no debt or obligation existed against her and in favor of the defendants. Austin v. Wilson, 11 N. Y. Supp. 565, and cases cited; Bradley Fertilizer Co. v. South Pub. Co., 17 N. Y. Supp. 587; Chase v. Chase (Supreme Judicial Court of Mass.) 191 Mass. 556, 78 N. E. 115; Davis v. Seattle Nat. Bank, 19 Wash. 65, 52 Pac. 526; French v. French, 2 M. & G. 644. Upon the evidence the jury could have determined that there was neither existing debt nor obligation as between the plaintiff and the defendant; for, although defendants testified that the plaintiff agreed that they could apply this $1,000 upon a shortage discovered in the accounts of her said husband, which they had done, the plaintiff, while admitting that the defendants had informed her of a shortage, and that they could keep $1,000 of this deposit to apply thereto, denied that she had ever said to the defendants that she was willing or was satisfied that any such application should be made. The verdict was for the plaintiff.

It is well settled that the rendition of an account does not make it an account stated, and the omission of objection but raises a presumption capable of rebuttal "by proof of any circumstances tending to a contrary conclusion." Guernsey v. Rexford, 63 N. Y. 631.

The plaintiff testifies that one of the defendants told her to draw against the deposit up to $1,000, that he would inform her when the deposit was thus reduced, and that thereupon she must not draw against it by checks or drafts, but upon personal application to him. And her contention is that this item of $1,000 represented to her a deduction of this fund to be reserved against her checks or drafts. The said item, "Cash 1,000," is not so self-explanatory as to reject as incredible this testimony of the plaintiff's understanding of it.

The judgment and order must be affirmed, with costs. All concur.