JAMES F. STOCKING, Respondent, *v.* SEED FILTER AND MANUFACTURING CO., INC., Appellant.

First Department, December 29, 1916.

Master and servant — agreement to give increased salary for services already rendered — contract without consideration — account stated.

Where the plaintiff was employed to manage the business of a corporation at a specified salary per week and had been paid in full, an agreement made by an officer of the corporation after the services had been actually

rendered, increasing the weekly wages of the plaintiff from the time he began his employment and crediting him on the books of the corporation with the amount of the increased wage, was without consideration and at most amounted to a promise to make a gift or gratuity.

The plaintiff is not entitled to recover the increased wage from the corporation as upon an account stated.

An account stated only determines the amount of debt where a liability exists and cannot be made the instrument *per se* to create a liability where none before existed.

APPEAL by the defendant, Seed Filter and Manufacturing Co., Inc., from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of May, 1916, affirming a judgment of the City Court of the City of New York in favor of the plaintiff, and also from an order denying defendant's motion for a new trial.

An appeal is also taken from the original judgment and order of the City Court, and from the judgment of affirmance of said court, entered pursuant to the determination of the Appellate Term.

*Joseph H. Kohan*, for the appellant.

*Milton Diamond*, for the respondent.

DOWLING, J.:

The plaintiff has recovered a judgment upon an alleged balance of $1,601.67, claimed to be due him upon an account stated with the defendant. Upon the trial it was developed that the account stated represented the amount with which plaintiff was credited upon the books of the defendant company (and by a written memorandum made by its president) as the difference between salary received by him while in the defendant's service and a higher amount which it was thought he was entitled to receive.

The plaintiff was employed by the defendant in August, 1904, as manager at a salary of twenty dollars per week which was thereafter increased to twenty-five dollars and then to twenty-seven dollars and fifty cents. In May, 1909, the plaintiff was the vice-president and a member of the board of directors of the defendant. At that time he had a talk with the defendant's president in the presence of its secretary, when

the president said that the plaintiff was to get a credit on the basis of thirty-five dollars per week, to be reckoned from his first incumbency of the office of manager, and the sum was to be ascertained by computing the difference between thirty-five dollars per week and what the plaintiff had drawn as salary up to that time. The defendant's president made a written calculation of the amount to be credited to the plaintiff, viz., two thousand five hundred and seventy-seven dollars and fifty cents, and on May 28, 1909, an entry was made in the defendant's ledger under the head of "back salary account" as follows:

"Amt. due J. F. Stocking Aug. 1, 04, to Jan. 1st, 09, as computed by B. H. Gault to make average salary equal $35.00 per week, $2,577.50."

This computation was made upon the basis of 225 weeks of the plaintiff's service, which would bring the date close to January 1, 1909, the time up to which it purported to be made. The plaintiff has proved no special or actual consideration of any kind for the stating of the account between them nor for the balance credited to him upon the defendant's books save the services theretofore performed by him while in the defendant's employ, for which he had been paid in full the stipulated salary.

It is clear that there was no consideration for the giving of this credit to the plaintiff upon the books of the company nor for the granting to him of an amount equal to the difference between the salary he had agreed to receive and a higher sum, and the transaction amounted to nothing more than a mere promise of a gift or gratuity from the defendant to the plaintiff. An account stated only determines the amount of debt where a liability exists and cannot be made the instrument to *per se* create a liability where none before existed. (*Austin* v. *Wilson*, 11 N. Y. Supp. 565.) In *Bauer* v. *Ambs* (144 App. Div. 274) Mr. Justice RICH said: "The principles applicable to an account stated are well settled. It must be based on previous transactions out of which the indebtedness arose; the relation of debtor and creditor must exist between the parties as to the items forming the account, and all of them. Such an account cannot be made the instrument to create a liability where none existed, but only determines the amount of an existing valid debt." In *Kent* v. *Wilson* (149 App. Div. 841) Presiding Justice

JENKS said: "Giving due probative force to this evidence as to the account and the plaintiff's conduct with respect to it, the proof was not sufficient to cast liability upon the plaintiff if no debt or obligation existed against her and in favor of the defendants. * * * It is well settled that the rendition of an account does not make an account stated, and the omission of objection but raises a presumption capable of rebuttal 'by proof of any circumstances tending to a contrary conclusion.'" There being no debt due from the defendant to the plaintiff at the time the alleged account was stated between them nor any liability existing for any balance of salary or for any other cause, there was no valid account stated. The defendant having paid the plaintiff his salary in full, and there being no dispute between them as to any amount due, the grant to the plaintiff of a credit upon the defendant company's books was a pure promise of a gratuity without consideration of any kind, and, therefore, insufficient to support the alleged account stated.

The determination of the Appellate Term and the judgment and order of the City Court appealed from will, therefore, be reversed, with costs to the appellant, and judgment directed dismissing the complaint herein, with costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Determination of Appellate Term and judgment and order of City Court reversed, with costs, and judgment ordered dismissing complaint, with costs.