■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HAMILTON, Appellant.—On this appeal from a judgment, rendered on January 21, 1976, in the Supreme Court, Bronx County, convicting defendant on his plea of guilty of robbery in the second degree and sentencing him to a term of imprisonment with a minimum of 5 years and a maximum of 10 years, assigned counsel, after conscientiously examining the record has sought leave to withdraw. The application is supported by a brief in compliance with *People v Saunders* (52 AD2d 833) (see, also, *Anders v California,* 386 US 738). Counsel has concluded that the record in this case does not reveal any valid appealable issue, and that the appeal is therefore frivolous. Nonetheless, after inquiring of defendant, he has set forth the points the appellant wanted him to make. After a review of the record and proceedings in this case, this court agrees with counsel for appellant that there are no issues to be raised on this appeal that would not be frivolous. Accordingly, the application by counsel to withdraw is granted, and the judgment of conviction is unanimously affirmed. Concur—Kupferman, J. P., Lupiano, Birns and Nunez, JJ.

■ DFI COMMUNICATIONS, INC., Plaintiff, v SANFORD GREENBERG, Defendant.—Plaintiff's motion for clarification of the order of this court entered December 4, 1975, staying execution and enforcement of the judgment of the Supreme Court, New York County, entered April 28, 1975, is granted, without costs. In this action for breach of a subscription agreement for the purchase of stock in plaintiff corporation, plaintiff recovered a money judgment against defendant. Defendant appealed to this court and moved for a stay, which was granted by order of December 4, 1975. The stay, pursuant to CPLR 5519 (subd [c]), applied so long as and only until the appeal before this court was decided and for five days after the service upon defendant of the order determining the appeal. The appeal having been determined April 6, 1976, the stay has expired. Defendant's contention that under CPLR 5519 (subd [e]), the filing of the notice of appeal in the Court of Appeals automatically continues the stay until that appeal is decided is untenable. The legislative history of CPLR 5519 (subd [e]), discloses that said subdivision, insofar as it relates to continuation of a stay pending further appeal, is intended to apply only to instances where an appellant has filed an undertaking in connection with a stay pending the initial appeal (Civ Prac Act, § 161; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5519.17; Third Preliminary Report of Advisory Committee on Practice and Procedure, NY Legis Doc, 1959, No. 17, p 422). Inasmuch as defendant did not file an undertaking with reference to the stay during the appeal in this court, CPLR 5519 (subd [e]) is inapplicable. However, defendant is not precluded from making appropriate application to the Court of Appeals for a further or additional stay of the judgment. Concur—Murphy, J. P., Birns, Silverman, Lane and Nunez, JJ.