■ JULIUS M. GERZOF, Appellant, v FRANK A. GULOTTA, Individually and as Presiding Justice, Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, et al., Respondents.—Judgment, Supreme Court, Nassau County, entered August 25, 1976, insofar as appealed from, (1) declaring section 90 of the Judiciary Law to be constitutional, (2) granting defendants' motion for summary judgment dismissing the complaint, and (3) denying the branch of plaintiff's cross motion for a preliminary injunction, unanimously modified, on the law, by deleting, as academic, so much thereof as unnecessarily declared section 90 to be constitutional and, as modified, affirmed, without costs and without disbursements. Oral application for a continuance of the stay is denied (CPLR 5519, subd [e]; *DFI Communications v Greenberg,* mot for stay den 41 NY2d 902, overruling in effect 55 AD2d 887). The factual and procedural history of this action is satisfactorily set forth in the decision at Special Term (87 Misc 2d 768). Upon the entry of the subject judgment, the plaintiff appealed to the Court of Appeals on constitutional grounds under CPLR 5601 (subd [b], par 1). In a memorandum decision, the Court of Appeals dismissed plaintiff's

appeal (40 NY2d 825): "Cross motion to dismiss the appeal granted only to the extent that the appeal is transferred, on constraint of the Constitution of the State of New York (art VI, § 5, subd b), to the Appellate Division, Second Department (but see NY Const, art VI, § 4, subd i), on the ground that the sole constitutional question presented on this direct appeal is not substantial (see *Matter of Gerzof*, 45 AD2d 450, mot for lv to app den, app as of right dsmd and stay den 35 NY2d 644, 855, 856; *Mildner v Gulotta*, 405 F Supp 182, affd 425 US 901)." Thereafter, upon plaintiff's motion, the Appellate Division, Second Department, transferred the proceeding to us. The Second Department also stayed the order of suspension pending the determination of this appeal. While the court at Special Term refused to dismiss the complaint on the ground of *res judicata*, we are not bound by that determination as the law of this case. *(Garfield v Equitable Life Assur. Soc. of U. S.,* 9 AD2d 625; CPLR 5501, subd [a], par [1].) The doctrine of *res judicata* applies to defenses which were not raised but which should have been properly raised in a prior proceeding *(Echo Bay Waterfront Corp. v City of New Rochelle*, 275 App Div 672; 9 Carmody-Wait 2d, NY Prac, § 63:208, p 215). In his suspension proceeding, the plaintiff should have but did not raise the defense that section 90 of the Judiciary Law was unconstitutional under both the Federal and State Constitutions. By failing to raise that defense in the suspension proceeding, the plaintiff waived it and he is now barred from adjudicating that matter in this declaratory judgment action. *(Chicot County Dist. v Bank,* 308 US 371, 375, 379.)* In the absence of any justiciable controversy, the entire complaint must be dismissed. Moreover, it should be emphasized that the United States Supreme Court has found that section 90 does not violate the Federal Constitution. *(Mildner v Gulotta,* 405 F Supp 182, affd 425 US 901.) It must be concluded that the highest court reached the merits of that case, otherwise the court would not have taken jurisdiction of the appeal *(MTM v Baxley,* 420 US 799, 804). Under the same doctrine of *res judicata,* the plaintiff is additionally barred from maintaining, at this time, that section 90 violates the Federal Constitution *(Becker v Levitt,* 81 Misc 2d 664, 668). If we had considered that portion of the complaint that asserted section 90 was in violation of the State Constitution, we would have found it to be constitutional for the reasons stated in the concurring opinions of Judges Neaher and Moore *(Mildner v Gulotta, supra).* In view of our foregoing determination dismissing the complaint on the ground of *res judicata,* the branch of the cross motion for summary judgment declaring section 90 to be unconstitutional is denied as academic. Likewise, the branch of the cross motion for a preliminary injunction was properly denied. Concur—Murphy, P. J., Birns, Capozzoli and Lane, JJ. [87 Misc 2d 768.]