## FIRST DEPARTMENT, NOVEMBER, 1978

## (November 2, 1978)

**1a** 119 ROSSET CORP. et al., Respondents, v BLIMPY OF NEW YORK CORP., Sued Herein as BLIMPIE OF NEW YORK CORP., et al., Appellants.—Order, Supreme Court, New York County, entered December 6, 1977, unanimously modified, on the law, with $75 costs and disbursements to defendant Blimpy of New York Corp., to the extent of granting defendants' motion for summary judgment dismissing the first and third causes of action and severing the second cause of action as against defendant Siegel and, except, as thus modified, affirmed. Plaintiffs commenced this action to recover damages against defendants for breach of a contract of sale and for fraud allegedly arising out of the defendants' concealment of a lien on equipment included in the sale. Defendants counterclaimed for the balance due on the promissory notes given by plaintiffs in payment of the purchase price. Plaintiffs defaulted in replying to the counterclaim, and their motion for an extension of time within which to reply was denied by Special Term without prejudice to a motion to vacate accompanied by an affidavit of merit. Subsequently, plaintiffs did move to vacate, and defendants cross-moved to enter a default judgment on the counterclaim. The motion to vacate was denied, the cross motion was granted, the counterclaim was severed and judgment entered thereon. Defendants then moved for summary judgment dismissing the complaint itself on the grounds that the plaintiffs' action was barred by *res judicata* and collateral estoppel. Special Term denied this motion, finding that judgment on the counterclaim had been entered because of "plaintiffs' failure to timely serve a reply thereto or to serve an affidavit of merits", and that there was thus no identity of issues since the complaint sought damages for fraud, breach of covenant of peaceful enjoy-

---

* Not published with other decisions of November, 1977, 59 AD2d 885. [Rep.

ment of premises, and malpractice against the attorney who represented both sides in the underlying transaction—issues not before Special Term when it granted a default judgment on the counterclaim and granted severance. *Res judicata* is a bar to plaintiffs' causes of action for fraud and breach of quiet enjoyment. Having failed to set up the alleged fraud or breach of quiet enjoyment as defenses to defendants' counterclaims on the notes, plaintiffs are deemed to have admitted their obligation and are barred by the doctrine of *res judicata* from raising these claims anew. The doctrine of *res judicata* is applicable to a judgment taken by default which has not been vacated *(Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962, affd 29 NY2d 888), as well as to defenses raised in the prior action or which, though not raised, could have been. (See *Rosenberg v Del-Mar Div., Champion Int. Corp.,* 56 AD2d 576, 9 Carmody-Wait 2d, NY Prac, § 63:208.) The rule has been stated thus: "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" *(Schuylkill Fuel Corp. v B. & C. Nieberg Realty Corp.,* 250 NY 304, 306-307). Of course, the bar of *res judicata* is not applicable to plaintiffs' action for malpractice against defendant Siegel. Concur—Murphy, P. J., Lupiano, Markewich, Sandler and Sullivan, JJ.