CHISHOLM-RYDER COMPANY, INC., Appellant, v SOMMER & SOMMER et al., Respondents.

Fourth Department, December 23, 1980

### APPEARANCES OF COUNSEL

*Garvey, Magner & Love (James A. Garvey* of counsel), for appellant.

*Sommer & Sommer (Kenneth R. Sommer* of counsel), for respondents.

### OPINION OF THE COURT

SIMONS, J.

This dispute between a client and its former attorneys is before us for the second time. In the prior appeal we granted the attorneys' motion for summary judgment, finding an account stated between the parties for legal services rendered during the 18 years of the retainer *(Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429).* The day before

---

· * The judgment has now become final.

the argument of that appeal plaintiff commenced the present action charging the attorneys with malpractice in performing the same services. The attorneys moved to dismiss the complaint, asserting that the action was barred by the prior judgment. Special Term granted their motion and we affirm.

It is familiar law that the doctrine of *res judicata* or claim preclusion forecloses a party from relitigating a cause of action which was the subject matter of a former lawsuit or from raising issues or defenses that might have been litigated in the first suit (see *Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). The related doctrine of collateral estoppel precludes a party from relitigating issues which were previously determined even though the prior suit involved a separate cause of action or a different adversary. By definition, collateral estoppel, or issue preclusion, does not bar the litigation of issues which were not previously raised. It will, however, foreclose issues which were necessarily decided in the first action, litigated or not *(Statter v Statter*, 2 NY2d 668, 672 [in an action for separation, the validity of the marriage was "necessarily determined" and barred a subsequent action for annulment]; and see, generally, Siegel, New York Practice, §§ 447, 464). The burden rests upon the litigant claiming the benefit of the former judgment to prove that the issue he now urges was involved in the prior action either by actual determination or necessary implication. In urging dismissal here, the attorneys rely upon settled New York law which holds that a favorable judgment for professional services is a bar to a subsequent action for malpractice (see *Blair v Bartlett*, 75 NY 150; *Gates v Preston*, 41 NY 113; *Nat Kagan Meat & Poultry v Kalter*, 70 AD2d 632). They maintain that the issue of malpractice not only could have been presented in the prior action as a defense but that it was "necessarily determined" there that the attorneys' services were of value, else the client was not obliged to pay for them (see *Blair v Bartlett, supra*, pp 154-155). The client contends that the issue is not precluded by the prior suit because that action was for an account stated, not an action in contract; that counterclaims are permissive in New York and that it was therefore not obliged to seek damages for malpractice

in the prior action (see Siegel, New York Practice, § 224, but, see § 452) ; and that at the time of the prior motion it had insufficient knowledge upon which to predicate its claim of malpractice.

First the client asserts that an account stated is a cause of action separate and distinct from the underlying trans-action (see *Schutz v Morette*, 146 NY 137). Therefore, the reasoning goes, the underlying obligation to the attorneys for legal services did not give rise to its liability in the prior action and the issue of malpractice was not "necessarily determined" there.

An account stated is an agreement between the parties to an amount due one of them because of their prior transac-tions. The agreement arises when the creditor serves the debtor with a statement of account and the debtor fails within a reasonable time to object to it. The failure to object gives rise to an inference that the debtor acquiesces in the correctness of the statement of the balance due *(Alley v Walz & Krenzer*, 275 App Div 888). The action provides an expedient way of resolving an underlying unliquidated in-debtedness based upon the conduct of the parties, and the creditor is not required to allege or prove all the details which gave rise to the debt. It is said that the account stated constitutes a new and independent cause of action which supersedes and merges with the underlying transaction (1 NY Jur 2d, Accounts and Accounting, § 5). That is certain-ly true with respect to the proof required from the creditor to establish a prima facie case. But the account establishes only the amount of the debt; it does not create liability where none previously existed *(Gurney, Becker & Bourne v Benderson Dev. Co.*, 47 NY2d 995; *Stocking v Seed Filter & Mfg. Co.*, 175 App Div 812, 814). The creditor's claim may always be defeated because of the failure of consideration *(Gurney, Becker & Bourne v Benderson Dev. Co., supra;* see, e.g., *New York Tel. Co. v Ladenheim Fixtures Corp.*, 14 Misc 2d 939; *Gravel Prods. Div. of Buffalo Crushed Stone Corp. v Sunnydale Acres*, 10 Misc 2d 323 [JASEN, J.]; see, particularly, *Rodkinson v Haecker*, 248 NY 480, 490; *Brauer v Lawrence*, 165 App Div 8, as to accounts stated between lawyers and their clients; and, see 15 Williston, Contracts [3d ed], pp 578, 580). Thus, the prior action be-

tween these parties necessarily determined that services were performed by the attorneys for the client and that compensation was due them, and it is the nature of that claim, not its form, which controls here and estops the client from maintaining the present action (see *Matter of Reilly v Reid*, 45 NY2d 24, 29). To hold otherwise would permit destruction of rights adjudicated in the first judgment by a different judgment in a subsequent action (see *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306-307).

The procedural rules of permissive counterclaim do not help plaintiff either. True enough, it was not required to plead malpractice as a counterclaim in the prior action but whether or not it did so is irrelevant. It could have raised the issue as a defense and it was required to do so or be precluded on it *(Blair v Bartlett*, 75 NY 150, *supra; Gates v Preston*, 41 NY 113, *supra; 119 Rosset Corp. v Blimpy of N. Y. Corp.*, 65 AD2d 683; *Gerzof v Gulotta*, 57 AD2d 821, app dsmd 42 NY2d 960; cf. *Brown v Lockwood*, 76 AD2d 721, 739-741). If it lacked information to tender the defense, it could have pleaded that fact in opposition to the motion for summary judgment (see CPLR 3212, subd [f]).

The judgment should be affirmed.

DILLON, P. J., CARDAMONE, DOERR and WITMER, JJ., concur.

Judgment unanimously affirmed, with costs.