■ JAMES J. ROCKHILL, Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SOLE SUPERVISORY DISTRICT OF ONONDAGA AND MADISON COUNTIES, Appellant.—Judgment unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: Petitioner was an agriculture teacher employed in the North Syracuse Central School District until his position was abolished on August 1, 1983 as a result of respondent's take-over of the program. He brought this CPLR article 78 proceeding against respondent, asserting a right to employment by respondent pursuant to Education Law §§ 2510 and 3014-a.

Respondent appeals from a judgment granting the petition and ordering respondent to employ petitioner as an agriculture teacher for the 1984-1985 school year, with back salary and benefits, less any actual earnings, on the ground that the court was precluded from entertaining the proceeding because an order determining the parties' rights had been made in an earlier article 78 proceeding, decided by a different Special Term Justice. The earlier proceeding resulted in an order directing that the respondent place petitioner "upon a preferred eligible list of candidates for appointment to any vacancy which may hereafter occur in the Agri-Business Program at Respondent Board of Cooperative Educational Services, Sole Supervisory District of Onondaga and Madison Counties pursuant to applicable rules and statutes, should that Program ever be reinstituted." We agree that the parties' rights under Education Law §§ 2510 and 3014-a were decided in the first proceeding and that the second proceeding was barred by the doctrine of collateral estoppel (see, Chisholm-Ryder Co. v Sommer & Sommer, 78 AD2d 143, 144). We decide no other issue. (Appeal from judgment of Supreme Court, Onondaga County, Aloi, J.—art 78.) Present—Dillon, P. J., Boomer, Green, Pine and Lawton, JJ.