■ BARBARA CARSWELL, Appellant-Respondent, v ROBERT MORGAN, Respondent-Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered on or about October 21, 1986, affirmed, without costs and without disbursements. Concur—Sandler, J. P., Carro and Milonas, JJ.

Asch, J., dissents in part in a memorandum as follows: I agree with the Supreme Court's grant of summary judgment to plaintiff on her causes of action. I would, however, also modify that court's order to grant summary judgment dismissing defendant's counterclaim.

Plaintiff commenced this action for assault and battery and unlawful imprisonment by defendant upon her in his apartment on February 13, 1985. Defendant was tried in Criminal Court, New York County, and convicted, after trial by jury, of assault in the third degree and unlawful imprisonment in the second degree, receiving a sentence of a conditional discharge and a $1,000 fine. This conviction was affirmed upon appeal, without opinion.

The acts for which defendant was convicted in Criminal Court are those that underlie this present action by her. Defendant counterclaimed for assault by the plaintiff based on

the same events on February 13, 1985 which led to his conviction.

The Supreme Court granted plaintiff summary judgment on her causes of action but denied her motion for summary judgment as to defendant's counterclaim. This, in my opinion, was erroneous.

The Court of Appeals in 1969, in the watershed case of *Schwartz v Public Adm'r of County of Bronx* (24 NY2d 65, 71), enunciated the present state of the law: "New York Law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling."

Both requirements were met here. Defendant vigorously contested the charges, both class A misdemeanors, in Criminal Court, before a jury, calling employees at his apartment building, as well as character witnesses, on his behalf. The assault in the third degree and unlawful imprisonment in the second degree are both class A misdemeanors punishable by up to one year's incarceration. They are not the "minor" infractions argued by defendant *(cf., Gilberg v Barbieri,* 53 NY2d 285, 292, where the Court of Appeals refused conclusive effect to a conviction for harassment, a violation, where there was no right to a jury trial and the prior action was only "nominally a criminal trial").

Defendant further contends that he never raised the defense of self-defense at his criminal trial and, therefore, the issue was not determined in the prior proceeding. However, an issue need not be raised in the prior proceeding to be "necessarily decided" pursuant to the *Schwartz v Public Adm'r* rule. Thus, the Court of Appeals has found that in an action for separation, the validity of the marriage was necessarily decided and a subsequent action for annulment barred *(Statter v Statter,* 2 NY2d 668, 672). The Fourth Department in 1980 held that an action for legal malpractice was barred by an earlier judgment awarding the defendant lawyers compensation for services rendered *(Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143). Judge, then Justice, Simons wrote for the court that plaintiff "was not required to plead malpractice as a counterclaim in the prior action but whether or not it did so is irrelevant. It could have raised the issue as a defense and it was required to do so or be precluded on it" *(supra,* at 146).

Defendant likewise could have pleaded the affirmative defense of justification at his criminal trial. He chose not to do so. His subsequent conviction for assault precludes him from now contending that plaintiff, in fact, assaulted him and he simply acted in self-defense. The jury verdict of guilty and the subsequent judgment of conviction on the assault charge against defendant necessarily implied that there was no justification or legitimate cause for his actions. As such, he is now barred by the doctrine of collateral estoppel from asserting his counterclaim (see, Siegel, NY Prac § 464, at 614).