■ NORMAN ROBBINS et al., Appellants, v E. MICHAEL GROWNEY, Defendant, and KAZI HASAN, Respondent. [645 NYS2d 791] —Order of the Supreme Court, New York County (Alice Schlesinger, J.), entered September 25, 1995, which denied plaintiffs' motion to dismiss defendant Hasan's second and third affirmative defenses, is unanimously reversed to the extent appealed from, on the law, without costs or disburse-

ments, and plaintiffs' motion to dismiss said affirmative defenses is granted.

Plaintiffs obtained a default judgment against Hasan Growney Co., Inc., a brokerage firm in which the defendants herein were the sole shareholders, directors and principal officers. Thereafter, the Supreme Court denied a motion by the corporation and defendant Hasan to vacate the default judgment on the grounds it had been obtained by fraud. This action was commenced by plaintiffs to pierce the corporate veil against the individual defendants with respect to the unsatisfied judgment. Defendant Hasan raised as a first affirmative defense plaintiffs' failure to state a cause of action; the second affirmative defense alleged plaintiffs' fraud in procuring the judgment against the corporation; the third affirmative defense alleged laches and bad faith giving rise to an estoppel.

The fraud defense was not interposed in the underlying action against the corporation. The corporation defaulted in opposing plaintiffs' motion for summary judgment, which established the corporation's indebtedness to plaintiffs. Defendant Hasan's motion to vacate the default, in which he raised the fraud defense, was denied by the Supreme Court and the defense rejected; no appeal was taken from that denial. Accordingly, the second affirmative defense, i.e., that the judgment against the corporation was procured by fraud and illegal behavior should have been dismissed as barred by the doctrines of res judicata and collateral estoppel. "The doctrine of *res judicata* is applicable to a judgment taken by default which has not been vacated (*Spindell v Brooklyn Jewish Hosp.*, 35 AD2d 962, affd 29 NY2d 888), as well as to defenses raised in the prior action or which, though not raised, could have been. (*See, Rosenberg v Del-Mar Div., Champion Int. Corp.*, 56 AD2d 576, 9 Carmody-Wait 2d, NY Prac, § 63:208.) The rule has been stated thus: 'A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first' (*Schuylkill Fuel Corp. v B. & C. Nieberg Realty Corp.*, 250 NY 304, 306-307)." (*119 Rosset Corp. v Blimpy of N. Y. Corp.*, 65 AD2d 683, 684.)

The third affirmative defense asserts, *inter alia*, that in commencing this action the plaintiffs are guilty of "laches and bad faith" because they knew that the prior judgment was against the corporation and that defendants have no liability for a judgment against a corporation "which was not operated as

the alter egos of defendants herein". In this affirmative defense, defendants set forth no factual basis for the allegations of laches or bad faith and merely allege that the allegations in the complaint are untrue. The bare legal conclusions are insufficient to raise an affirmative defense and the IAS Court should, therefore, have also dismissed this third affirmative defense (*see, Bentivegna v Meenan Oil Co.*, 126 AD2d 506, 508). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.