■ ANTHONY M. VENTURA et al., Appellants, v M.A.F. ESTATES, INC., Respondent, et al., Defendant. [668 NYS2d 645] —In an action, *inter alia,* to recover a downpayment on a real estate contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated June 27, 1996, as denied their separate motions for summary judgment and to compel the return of certain moneys to escrow, and granted the cross motion of the defendant M.A.F. Estates, Inc. for summary judgment dismissing the complaint.

Ordered that the appeals by the plaintiffs Anthony M. Ventura and West Castor Land Corp. are dismissed, as those parties are not aggrieved by the portion of the order from which they appeal; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

This appeal has its genesis in a failed real estate deal between the plaintiff Vicklee, Inc. (hereinafter Vicklee) and the defendant M.A.F. Estates, Inc. (hereinafter M.A.F.) which dates back to 1985. Vicklee placed in escrow a downpayment totalling $145,000. The escrow holder was the defendant Paul Leff, formerly counsel for M.A.F. In a prior action, Vicklee sued both M.A.F. and Leff alleging, *inter alia*, that Leff had paid the escrow moneys to M.A.F. in violation of his fiduciary duties under the escrow agreement. Further, Vicklee alleged that the retention of the money by M.A.F. without, *inter alia*, tender of the deed to the property was a breach of the parties' contract. The former action terminated in a 1994 order of the Appellate Term, 2nd and 11th Judical Districts, which determined that the parties' contract had been entered into in an attempt to obtain unearned tax benefits and was therefore illegal. Accordingly, the Appellate Term held that the court would not aid the parties in seeking any remedy arising from the failed sale. In 1995 Vicklee commenced this action against M.A.F. and Leff for the return of its downpayment. In the order appealed from, the Supreme Court denied the plaintiffs' separate motions for summary judgment and to compel the return of the moneys to escrow, dismissed the plaintiffs Anthony Ventura and West Castor Land Corporation from the action on the ground that they are not real parties in interest, and granted the cross motion of M.A.F. for summary judgment dismissing the complaint on the ground of res judicata. We affirm.

New York courts apply the transactional analysis approach to res judicata issues (*see, O'Brien v City of Syracuse,* 54 NY2d 353, 357). Thus, when "alternative theories are available to re-

cover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping' (Restatement, Judgments 2d, § 61 [Tent Draft No. 5]), the circumstances that the theories involve materially different elements of proof will not justify presenting the claim by two different actions" (*O'Brien v City of Syracuse, supra,* at 357-358). Accordingly, the doctrine bars the subsequent litigation of matters that might have been litigated in a prior proceeding but were not (*see, Glass v Glass,* 186 AD2d 787; *Feeney v Licari,* 131 AD2d 539). Here, because the plaintiffs' claims all arise out of the same factual grouping as the prior 1994 action and either were or could have been raised and determined in that action, the complaint was properly dismissed pursuant to the doctrine of res judicata. Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.