**CLARKSTOWN RECYCLING CENTER, INC., and Joseph Miele, Plaintiffs,**

v.

**PARKER, CHAPIN FLATTAU & KLIMPL, LLP, Defendant.**

**No. 98 Civ. 0607 (BDP).**

United States District Court, S.D. New York.

April 9, 1998.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs Clarkstown Recycling Center, Inc. ("Clarkstown") and its President, Joseph Miele, brought this action in state court against defendant Parker Chapin Flattau & Klimpl, LLP ("Parker Chapin") for disgorgement of the legal fees they paid to Parker Chapin for representation in connection with a bankruptcy proceeding. Parker Chapin timely removed. Parker Chapin now brings this motion to dismiss based on the principles of *res judicata* and, alternatively, under Rule 12(b)(6). For the reasons stated below, Parker Chapin's motion to dismiss is granted on *res judicata* grounds.

## BACKGROUND

This case arises out of an action for attorneys' fees in state court. Parker Chapin formerly represented Clarkstown and Miele. In May 1997, Parker Chapin brought a collection action in state court against Clarkstown and Miele for attorneys' fees for services rendered from about April through October 1996.[1] Parker Chapin sought and obtained an October 30, 1997 default judgment against Clarkstown and Miele in those proceedings after Clarkstown and Miele failed to appear. Clarkstown and Miele have not sought to vacate the default judgment, and Miele in fact paid the judgment in full.

Clarkstown and Miele then commenced this case in state court, seeking disgorgement of the legal fees paid to Parker Chapin. Clarkstown and Miele also assert that Parker Chapin simultaneously represented both the Clarkstown and Miele (a secured creditor of Clarkstown) in bankruptcy court, which was a conflict of interest; that Parker Chapin, without notice to Clarkstown and Miele, exceeded the boundaries of the fee agreement between the parties; and that neither Clarkstown nor Miele ever received copies of the Complaint in the collection action.

Daniel E. Bertolino, Tracey, Bertolino & Edwards, New York City, for Plaintiffs.

Gilbert C. Hoover, IV, Parker Chapin Flattau & Klimpl, LLP, New York City, for Defendant.

1. This Court can take judicial notice of related proceedings. *See, e.g., Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 157, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969) (taking judicial notice of related case between same parties); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991).

## DISCUSSION

A challenge based on *res judicata* grounds may be properly raised in a motion to dismiss pursuant to Rule 12(b)(6). *Thompson v. County of Franklin,* 15 F.3d 245, 253 (2d Cir.1994) (citing 5A Charles A. Wright & Arthur R. Miller § 1357, at 356 n. 69) (other citations omitted). Under the Full Faith and Credit Clause to the United States Constitution, a federal court will accord the judgment of a state court the same preclusive effect as that of other courts within the state. U.S. Const. Art. IV, § 1; *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). New York law will govern this Court's *res judicata* analysis. *Burgos v. Hopkins,* 14 F.3d at 790.

New York has adopted a transactional approach to *res judicata.* This approach bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* (citing *Smith v. Russell Sage College,* 54 N.Y.2d 185, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1981)); *see also O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981); *Ventura v. M.A.F. Estates, Inc.,* —— A.D.2d ——, 668 N.Y.S.2d 645, 646 (2d Dept.1998). The doctrine of *res judicata* is applicable to a default judgment that has not been vacated, as well as to defenses that could have been raised in the prior action. *119 Rosset Corp. v. Blimpy of New York Corp.,* 65 A.D.2d 683, 409 N.Y.S.2d 735, 736 (1st Dept.1978).

Clarkstown and Miele have cited no cases in support of their argument that this case is not barred by *res judicata.* Instead, they contend that Miele had no opportunity to answer the Complaint in Parker Chapin's action, and that it is merely a procedural matter that Clarkstown and Miele commenced this action rather than moving to have the default judgment set aside. This Court finds, however, and Clarkstown and Miele do not dispute, that the claims in this lawsuit could have been brought in the prior state court action as defenses or counterclaims, and arise out of the same facts as the prior state court collection action. Further, even if Clarkstown and Miele did not receive notice of the prior action until after the default judgment had been entered, the proper course of action would have been to contest the judgment prior to paying it. Accordingly, I grant Parker Chapin's motion to dismiss on the grounds of *res judicata.*

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted. The Clerk of the Court is directed to dismiss the complaint.

**SO ORDERED.**