**Aaron TONKEN and Aaron Tonken & Associates, LLC, Plaintiffs,**

**v.**

**LOVING & WEINTRAUB INC., Mary Loving, Harriet Weintraub, Jill Eisenstadt and ETRO U.S.A. Inc., Defendants.**

No. 98 Civ. 3327 (SAS).

United States District Court, S.D. New York.

Sept. 8, 1998.

---

180. *See* Govt.App. Br. *passim.*

181. Gov.App. Br. 72.

182. Tr. 18869–75.

183. Tr. 18929–35.

184. Tr. 18972–76; 18979–80; 19033–35; 19152.

Lee H. Goldberg, Gallet Dreyer & Berkey, New York City, for plaintiffs.

Santo F. Russo, Richard A. Martin, Werbel & Carnelutti, P.C., New York City, for defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

This case involves a fairly straightforward commercial dispute. Defendant ETRO U.S.A. Inc. ("ETRO") has moved to dismiss plaintiffs' claims for breach of contract, promissory estoppel, quantum meruit, unjust enrichment and fraud pursuant to Fed. R.Civ.P. 12(b)(6). For the following reasons, ETRO's motion to dismiss the Complaint as to ETRO is granted.

1. This Court can take judicial notice of related proceeding. *See Clarkstown Recycling Center, Inc. v. Parker, Chapin Flattau & Klimpl*, LLP, 1 F.Supp.2d 327, 328 n. 1 (S.D.N.Y.1998) (citing *Shuttlesworth v. Birmingham*, 394 U.S. 147, 157,

## I. Factual Background

ETRO is a retail clothing and accessories business with stores throughout the world specializing in the sale of high-end fashion and designer clothing. *See Complaint* ("Cmplt.") at ¶ 13. Plaintiffs Aaron Tonken ("Tonken") and Aaron Tonken & Associates, LLC ("ATA") are in the business of promotions and celebrity bookings. *See id.* at ¶ 10.

In early October 1996, defendant Jill Eisenstadt ("Eisenstadt"), an officer of defendant Loving & Weintraub Inc. ("L & W"), a public relations and publicity firm, contacted plaintiffs and represented that her firm had been engaged by ETRO to provide public relations services for an event to be held on October 25, 1996, celebrating the opening of the ETRO retail store on Madison Avenue in New York City. *See id.* at ¶¶ 11–12, 14–15. At the request of L & W, plaintiffs agreed to arrange—and subsequently did arrange—for various celebrities to attend this event. *See id.* at ¶¶ 18, 21. In exchange, defendants agreed to provide plaintiffs with certificates entitling them to $75,000 in ETRO merchandise—$25,000 for plaintiffs and $5,000 for each of the ten male and female celebrities who would attend the event—plus reimbursement for the celebrities' travel and hotel expenses. *See id.* at ¶¶ 19–20.

ETRO claims that on or around January and February 1997, Tonken visited ETRO's store in New York City and purchased various items of men's and women's clothing and accessories. *See* Affidavit of Lee H. Goldberg, attorney for plaintiffs, Exh. E ("State Complaint") at ¶¶ 7–8.[1] Plaintiffs later sent ETRO a check for the merchandise, which was subsequently returned for lack of funds. *See id.* at ¶¶ 10–11. Plaintiffs, notified of the situation, sent a second check to ETRO to cover the cost of the merchandise, accompanied by a letter apologizing for the delay in payment. *See id.* at ¶ 13. The second check was also returned for lack of

89 S.Ct. 935, 22 L.Ed.2d 162 (1969)). Exhibit A to the State Complaint reveals that plaintiffs purchased both men's and women's clothing and accessories.

sufficient funds, with a notation that the bank account had been closed. *See id.* at ¶ 14.

 ETRO brought an action against Tonken and ATA in New York Supreme Court seeking the cost of the merchandise. *See id.* Plaintiffs, residents of California, failed to appear in the action, and on February 5, 1998, the court entered a default judgment in favor of ETRO for an account stated in the amount of $77,469.17. *See ETRO U.S.A., Inc. v. Tonken,* No. 602965/97 (Sup. Ct.N.Y. March 6, 1998).[2]

On April 24, 1998, plaintiffs brought the present action seeking to recover the money they claim is owed as a result of their arranging for celebrities to appear at the October 25 store opening celebration.

## II. Standard of Review Under Rule 12(b)(6)

 Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Scotto v. Almenas,* 143 F.3d 105, 109–10 (2d Cir.1998) (quoting *Branham v. Meachum,* 77 F.3d 626, 628 (2d Cir.1996)) (internal quotations omitted). "The task of the court in ruling on a Rule 12(b)(6) motion is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984)). Thus, in deciding such a mo-

tion, the court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the nonmovant's favor. *See Thomas v. City of New York,* 143 F.3d 31, 36 (2d Cir.1998).

## III. Summary of Arguments

 ETRO makes three arguments in support of its motion. First, ETRO argues that because the state action and this action arise from the same series of transactions, plaintiffs' claims in this action are barred by principles of res judicata. Second, it argues that plaintiffs fail to allege fundamental elements of their claims for breach of contract, promissory estoppel, quantum meruit and unjust enrichment. Third, ETRO argues that plaintiffs have failed to plead fraud with sufficient particularity. Because this motion can be decided on the res judicata issue, the remaining arguments need not be addressed.[3]

## IV. Res Judicata

ETRO argues that the state action and the current action comprise parts of the same transaction because the $75,000 in ETRO merchandise that plaintiffs now claim they are owed was also the subject of the prior state action. *See Def's Mem.* at 10. In particular, ETRO claims that the merchandise that plaintiffs purchased at ETRO's store in early 1997 was purchased for the celebrities that they procured for ETRO's store opening. *See* Defendant's Reply Memorandum of Law in Support of its Motion to Dismiss ("Def's Reply Mem.") at 3. ETRO

---

**2.** An action for an account stated is based upon "an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due." *Sisters of Charity Hosp. v. Riley,* 231 A.D.2d 272, 661 N.Y.S.2d 352, 358 (4th Dep't 1997) (quoting *Jim–Mar Corp. v. Aquatic Constr., Ltd.,* 195 A.D.2d 868, 600 N.Y.S.2d 790 (3d Dep't 1993)).

**3.** Even if this Court were not dismissing plaintiffs' claims on res judicata grounds, plaintiffs' fraud claim against ETRO would have to be dismissed for failure to plead the fraud claim with the required particularity. Rule 9(b) requires a party alleging fraud to plead the circumstances constituting fraud. Generally, at a minimum, the plaintiff must specify the allegedly

fraudulent statements; the identity of the speaker; the place where the statements were made; and an explanation of why such statements are fraudulent. *See Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1127–28 (2d Cir.1994). The only statements pled in the Complaint that plaintiffs allege are fraudulent are Eisenstadt and Loving & Weintraub's representations to plaintiffs that they were acting as representatives of ETRO. It defies logic to find that these statements can be imputed to ETRO. If L & W and Weintraub held themselves out to be, but were not, in fact, agents of ETRO, then no fraudulent statements could have been made on ETRO's behalf. If L & W and Weintraub did, in fact, represent ETRO, then no fraudulent statements were made by any of the parties.

argues that because the current claims could have been raised as defenses or counterclaims in the state action, res judicata bars plaintiffs from raising those claims here.

## A. Principle of Res Judicata

 A party may properly raise a challenge based on res judicata grounds in a motion to dismiss pursuant to Rule 12(b)(6). *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir.1994). A federal court must accord the same preclusive effect to a state court decision that a state court would give it. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). This Court, therefore, must determine what effect the New York courts would give to the prior judgment. *See Brooks v. Giuliani*, 84 F.3d 1454, 1463 (2d Cir.1996); *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir.1987).

 New York courts have adopted a transactional approach to res judicata, so that a final decision on the merits in one action bars all subsequent claims arising out of the same transaction or series of transactions, even if the claims are based upon different legal theories or the party is seeking a different remedy. *Brooks*, 84 F.3d at 1463 (citing *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981)); *Smith v. Russell Sage College*, 54 N.Y.2d 185, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746 (1981). In determining what "factual grouping" constitutes a "transaction" or "series of transactions," a court looks at how "the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether *** their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith*, 445 N.Y.S.2d at 71, 429 N.E.2d 746. This rule applies even where, as here, the earlier action ended in a default judgment. *See Saud v. Bank of New York*, 929 F.2d 916, 919 (2d Cir.1991) (citing *Morris*

*v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947)).

 Under long accepted principles of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The judgment is conclusive as to matters that were or might have been litigated when "the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 306–07, 165 N.E. 456 (1929). Applying this doctrine, courts in New York have held that where a party fails to raise a defense that could properly have been asserted in one action, res judicata will bar the party from raising that issue in a subsequent action. *See Clarkstown Recycling Center, Inc. v. Parker, Chapin Flattau & Klimpl, LLP*, 1 F.Supp.2d 327, 329 (S.D.N.Y.1998); *Nembhard v. Citibank, N.A.*, No. CV–96–3330 (CPS), 1996 WL 622197, at *2 (E.D.N.Y.1996); *Robbins v. Growney*, 229 A.D.2d 356, 645 N.Y.S.2d 791, 792 (1st Dep't 1996); *1119 Rosset Corp. v. Blimpy of New York Corp.*, 65 A.D.2d 683, 409 N.Y.S.2d 735, 736 (N.Y.A.D. 1st Dept. 1978) (stating that "the doctrine of res judicata is applicable ... to defenses raised in the prior action or which, though not raised, could have been").

 When a party fails to raise a defense, it is waived. *See Gerzof v. Gulotta*, 57 A.D.2d 821, 395 N.Y.S.2d 26, 28 (1st Dep't 1977) ("by failing to raise [a particular] defense in the [first] proceeding, the plaintiff waived it and he is now barred from adjudicating that matter in this ... action"); *Chisholm–Ryder Co., Inc. v. Sommer & Sommer*, 78 A.D.2d 143, 434 N.Y.S.2d 70, 73 (4th Dep't 1980) (plaintiff "could have raised the issue as a defense and it was required to do so or be precluded on it").[4]

---

4. New York, unlike the federal system, does not have any compulsory counterclaim rule. *See* N.Y.C.P.L.R. § 3019(a); Siegel, Practice Commentaries, McKinney's Cons.Laws of N.Y., Book 7B, CPLR 3019:1. New York's permissive counterclaim rule "may save from the bar of res

judicata those claims for separate or different relief that could have been but were not interposed in the parties' prior action." *Henry Modell and Co. v. Minister, Elders and Deacons of Reformed Protestant Dutch Church*, 68 N.Y.2d 456, 510 N.Y.S.2d 63, 66 n. 2, 502 N.E.2d 978

### B. Preclusion Based on Prior State Court Judgment

Comparing the claims in the state action and those asserted here, it is evident that the two actions comprise parts of the same transaction and that plaintiffs could have raised the claims at issue here as defenses in that prior action. In this action, plaintiffs allege that ETRO agreed to give them certificates for $75,000 in ETRO merchandise. In the prior state action, ETRO claimed it was owed approximately $75,000 for ETRO merchandise that plaintiffs purchased. *See* State Complaint at ¶¶ 7–8. This purchase was made after ETRO agreed to give them the certificates entitling them to merchandise. If this Court were to determine that plaintiffs are, in fact, owed the $75,000 they are now claiming, that judgment would be a complete offset against ETRO's state court judgment against them. Plaintiffs *could* have—and should have—argued as a defense in the prior suit that they did not owe ETRO any money because the approximately $75,000 in merchandise plaintiffs purchased was the consideration ETRO had agreed to provide in exchange for their procuring celebrities for ETRO's store opening.

Having failed to appear in the state action and assert any defense, plaintiffs cannot come into this Court and raise, for the first time, the issue of whether ETRO owes them $75,000 in merchandise. Res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen*, 449 U.S. at 94, 101 S.Ct. 411. In addition, because federal courts will give preclusive effect to prior judgments in state courts, res judicata also "promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 95–96, 101 S.Ct. 411 (citing *Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). All of the policies underlying the principle of res judicata would be undermined by allowing plaintiffs to completely ignore the state proceeding and then ask this Court to decide issues that the state court could and should have addressed. Plaintiffs' failure to defend against ETRO's claims in state court was a calculated risk. Plaintiffs, however, grievously miscalculated. Plaintiffs' silence in that forum resulted in a waiver that bars the claims asserted here. The action is dismissed.

## IV. Conclusion

Because res judicata bars plaintiffs from raising their claims, the Complaint is dismissed in its entirety as to defendant ETRO. This Court need not reach ETRO's alternative grounds for relief. No fees or costs are awarded. A status conference will be held on October 9, 1998 at 4:30 p.m.

SO ORDERED:

---

(1986). For example, where a party has asserted an issue as a defense but not interposed it as a counterclaim, New York courts have allowed the party to raise the issue in a separate suit if raising it in the second action would not "impair the rights or interests established in the first action." *Id.* at 66 n. 2, 502 N.E.2d 978; *see Batavia Kill Watershed Dist. v. Charles O. Desch, Inc.*, 83 A.D.2d 97, 444 N.Y.S.2d 958, 959–960 (3d Dep't 1981), *aff'd*, 57 N.Y.2d 796, 455 N.Y.S.2d 597, 441 N.E.2d 1115 (1982). By contrast, where a party fails to appear in the first action and raise any defenses at all, that party should be deemed to have waived any right to assert those defenses later. *See Chisholm–Ryder*, 434 N.Y.S.2d at 73 (party was precluded from raising issue it failed to assert as a defense even though it was not obligated to plead the issue as a counterclaim).