Sky East, LLC v Franco (2022 NY Slip Op 02766)

Sky East, LLC v Franco

2022 NY Slip Op 02766

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 150259/19 Appeal No. 15289 Case No. 2021-02125 

[*1]Sky East, LLC, Plaintiff-Respondent,
v
Carlos Franco, Defendant-Appellant.

Law Office of Karim H. Kamal, New York (Karim H. Kamal of counsel), for appellant.
Maidenbaum & Associates, PLLC, Merrick (Eric J. Canals of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about June 6, 2021, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiff-landlord (the landlord) for summary judgment on its claim for rental arrears and denied the motion of defendant-tenant (the tenant) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The landlord established on its motion that the building had a valid certificate of occupancy (CO) and could therefore maintain an action to collect arrears. In opposition, the tenant presented evidence showing that the building's CO had been revoked by an October 17, 2017 resolution of the New York City Board of Standards & Appeals. This showing by the tenant was sufficient to raise an issue of fact as to whether this was impermissible under Multiple Dwelling Law §§ 301 and 302 (see Chazon, LLC v Maugenest, 19 NY3d 410, 414, 416 [2012]).
However, we affirm on the alternate ground that the tenant's defense is barred by the res judicata effect of the June 4, 2018 decision which denied vacatur of the default judgment against him in a prior nonpayment proceeding brought by the landlord (see Robbins v Growney, 229 AD2d 356, 357 [1st Dept 1996]). The tenant moved by order to show cause to vacate the default judgment in the nonpayment proceeding, and the motion was denied. Although the tenant asserted on the motion that he owed no rent because the building lacked a valid CO, the housing court found that the building did, in fact, have a valid CO during the relevant period, under the alternative address for the same tax lot. The tenant did not appeal that order. Accordingly, the tenant is precluded by the doctrine of res judicata from asserting defenses or counterclaims based on the alleged lack of a valid CO, as he could have raised them in the nonpayment proceeding and failed to appeal the adverse decision on his motion to vacate his default (see Tewksbury Mgt. Group, LLC v Rogers Invs. NV LP, 110 AD3d 546, 546-547 [1st Dept 2013]; Robbins, 229 AD2d at 357).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022