979 Second Ave. LLC v Yue Wah Chao (2025 NY Slip Op 02265)

979 Second Ave. LLC v Yue Wah Chao

2025 NY Slip Op 02265

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 654096/22|Appeal No. 4134-4134A|Case No. 2023-04795|

[*1]979 Second Avenue LLC, Plaintiff-Respondent,
v
Yue Wah Chao Also Known as Winnie Chao, Defendant-Appellant.

Yue Wah Chao, appellant pro se.
Moulinos & Levinas PLLC, New York (Daniel Levinas of counsel), for respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered March 8, 2023, awarding plaintiff $468,705.57, and bringing up for review an order, same court and Justice, entered on or about February 28, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant is collaterally estopped from contesting the authenticity of the guaranty upon which plaintiff obtained summary judgment because the issue has been decided in a prior action (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199 [2008]). Defendant's arguments before the motion court were nearly identical to those that she raised in an earlier motion to vacate a default judgment, the denial of which was affirmed by this Court (see 979 Second Ave. LLC v Yue Wah Chao, 227 AD3d 436, 436 [1st Dept 2024]). Supreme Court's finding on that motion that defendant did not establish a meritorious defense necessarily entailed a rejection of defendant's argument on the guaranty, and, as this Court noted in its affirmance, a notarized guaranty raises a presumption of due execution (see id. at 437).
Supreme Court also properly barred defendant's arguments based on res judicata because all of defendant's arguments address the same transaction or series of transactions surrounding her earlier defense — namely, the circumstances occurring between March and October 2021 concerning her execution of the guaranty (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; see also 119 Rosset Corp. v Blimpy of N.Y. Corp., 65 AD2d 683, 684 [1st Dept 1978]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025